INTERBOROUGH RAPID TRANSIT CO. v. GALLAGHER.

(Supreme Court, Appellate Division, First Department. July 13, 1904.)

1. MUNICIPAL CORPORATIONS—CONTRACT FOR EXCAVATION IN STREET—ELEVATED RAILROAD SUPPORTS—DUTY TO PROTECT—INJUNCTION—ISSUES.

Where a contract between a city and one who had contracted to make an excavation in a street required him to protect the elevated railroad structure and tracks, and the railroad sued to enjoin him from making the excavation, claiming that his method of protecting the structure was inadequate, no question as to plaintiff's duty to support the structure was open to defendant.

Van Brunt, P. J., and O'Brien, J., dissenting.

Appeal from Special Term, New York County.

Suit by the Interborough Rapid Transit Company against Patrick Gallagher. From an order vacating an injunction granted plaintiff, it appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Delancey Nicoll, for appellant.
John A. Straley, for respondent.

PATTERSON, J. The plaintiff procured a preliminary injunction restraining the defendant from making an excavation in the street at Chatham Square, in the city of New York, near columns, and the foundations of columns, supporting the plaintiff's elevated railway structure at that place. A motion was made to continue the injunction, which motion was denied. The injunction was vacated, and, from the order entered thereupon, the plaintiff appeals.

It is made to appear that the plaintiff operates an elevated railway, that it has a station at Chatham Square, and that the safety of the structure at that place may be affected by the work being done by the defendant, who has a contract with the city of New York for the erection of what is called a "comfort station" at Chatham Square, in the city of New York. In order to carry out his contract, and to perform the work to be done thereunder, it is necessary for the defendant to make an excavation in the street; and, in doing so, earth is removed from near the foundations of three columns of the plaintiff's elevated railway structure, necessitating the use of mechanical appliances or engineering devices to protect the columns referred to, and to keep safe and secure that part of the plaintiff's structure which

depends for its support on those columns. It is claimed by the plaintiff that the means resorted to, or intended to be resorted to, by the defendant are inadequate to the protection of the elevated railway structure; and it has offered to do the work at the expense of the defendant in a way satisfactory to it, and to charge nothing except the actual cost. On the other hand, the defendant insists that he has a plan for protecting the columns and their foundations, and that it is sufficient and adequate in every respect. He also insists that the duty and obligation of supporting the elevated railway structure is upon the plaintiff itself; that he is engaged in the prosecution of a public work in the street, under the authority of the city, whose rights in the street have not been affected by the occupation of any part of it by an elevated railway structure, except so far as relates to the maintenance in safety of that structure and its appurtenances.

In disposing of this appeal, it is unnecessary to consider whether, as an original proposition, the obligation to protect the structure would rest upon the plaintiff. Under the terms of the contract made by the defendant with the city of New York, the duty of protection of the elevated railway structure, so far as it is necessary to protect it, rests upon, and has been assumed by, the defendant. By section 19½ of his contract, the defendant expressly assumed the obligation to protect, as well as to make good any damage done to, the elevated railway structure, and the tracks, conduits, manholes, etc., of the several street railways. The obligation being thus imposed upon the defendant, the only question arising is one of fact, namely, whether the plan adopted by him for the protection of the elevated railway structure has been shown to be inadequate and insufficient. On that subject affidavits were presented to the court below of the engineers of the plaintiff, on one side, and of the engineers of the defendant, on the other. Those presented on behalf of the plaintiff are to the effect that the defendant's plans are insufficient, while the defendant's engineers, who seem to speak with equal authority and to be equally well qualified, positively state that the defendant's plan is not only adequate and safe, but is in every respect sufficient. The court below therefore had before it this question, and was undoubtedly impressed with the fact that the plaintiff had not sustained its allegation that the defendant's plans were insufficient and did not afford the protection required. In such a situation, we cannot say that the learned judge erred in the view he took of the case, and we see no reason for reinstating the injunction.

The order should therefore be affirmed, with $10 costs and disbursements.

McLAUGHLIN, J., concurs. HATCH, J., concurs in result. VAN BRUNT, P. J., and O'BRIEN, J., dissent.